

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 6, 1965

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Opinion No. C-434

Re: Whether the State Highway
Commission, under the au-
thority granted by Article
6673a, V.C.S., can legally
sell surplus land and im-
provements directly to the
City of Lamesa for the estab-
lished value without adver-
tising and without requesting
sealed bids from the general

Dear Mr. Greer:

public under the facts stated.

This is in reply to your letter requesting an opinion from
this office as to whether under the provisions of Article
6673a, Vernon's Civil Statutes, the State Highway Commission
can legally sell certain surplus land and improvements di-
rectly to the City of Lamesa for the established value of
the land and improvements, such a sale to be without adver-
tising and without requesting sealed bids from the general
public.

According to the facts stated in your letter, the City of
Lamesa deeded to the State of Texas certain grounds in
Dawson County for use by the Texas Highway Department as a
maintenance site, without charge to the State though the
deed recited a $10.00 consideration. You advised that the
State has since placed valuable improvements on the prop-
erty. The Highway Department has constructed buildings at
a new site, leaving the land acquired from the City of
Lamesa, and the improvements located thereon as surplus.

The pertinent provisions of Article 6673a provide:

"Section 1. Whenever the State Highway
Commission determines that any real property,
or interest therein, heretofore or hereafter
acquired by the State for highway purposes,
is no longer needed for such purposes, and
in the case of highway right-of-way it has

-2052-

further determined that such right-of-way is no longer needed for use of citizens as a road, the State Highway Commission may recommend to the Governor that such land or interest therein be sold, and the Governor may execute a proper deed conveying all the State's rights, title and interest in such land. It shall be the duty of the Commission to determine the fair and reasonable value of the State's interest in such land and to advise the Governor thereof. All money derived from such sales shall be deposited in the State Treasury to the credit of the State Highway Fund. Provided further, that where right-of-way property owned by the State was acquired by a city or county and the State Highway Commission determines that said right-of-way property should be sold, such property shall be sold with the following priorities:

"(1) To abutting or adjoining landowners;

"(2) To original grantors, heirs or assigns of the original tract from whence the right-of-way was conveyed; or

"(3) To the general public.

"Notice of said sale shall be advertised at least twenty days before the day of sale by having notice thereof published in the English language once a week for three consecutive weeks preceding such sale in a newspaper in the county in which the real estate is located. Such sale shall be made on a sealed bid basis, and said land shall not be sold for less than the value recommended by the State Highway Commission as provided above.

"Upon recommendation of the State Highway Commission, the Governor may execute a proper deed exchanging any such real property, or interest therein, either as a whole or part consideration, for any other real property, or interest therein needed by the State for highway purposes.

"Provided further, that upon recommen-
dation of the State Highway Commission the
Governor may execute a proper deed relin-
quishing and conveying the State's right,
title and interest in such real property
as follows:

"(a)  If title to the State was acquired
by donation, convey to the grantor, his
heirs or assigns; or if acquired by purchase
by a county or city, convey to the county or
city, or to the grantor, his heirs or assigns
at the request of the county or city."

It is the opinion of this office that under the facts stated
in your letter the State Highway Commission can, under the
authority granted by Article 6673a, legally sell the surplus
land and improvements directly to the City of Lamesa for the
established value of the land and improvements. The statute
clearly provides the authority in such an instance cited in
your letter.  We call your attention to the last two para-
graphs of Article 6673a above quoted, to the effect that upon
recommendation of the State Highway Commission the Governor
may execute a proper deed conveying the State's interest in
such real property if title to the State was acquired by
donation, convey to the grantor and if acquired by purchase
by a county or city, convey to the county or city, or to
the grantor, at the request of the county or city.  In the
first paragraph of this statute it is provided that "it
shall be the duty of the Commission to determine the fair
and reasonable value of the State's interest in such land
and to advise the Governor thereof."

We do not think that in an instance such as this the stat-
ute requires notice of the sale to be advertised or that
sealed bids be requested from the general public.

The case of El Paso County v. City of El Paso, 357 S.W.2d
783 (Tex.Civ.App. 1962), sets forth certain reasoning which
we think would apply in this instance, that is:

"We think the statutes hereinabove referred
to do apply wherever a political subdivision,
subject to such statutes, desires to dispose
of any of its public land to an individual or
private agency, but not where such political
subdivision with the power of eminent domain

and condemnation chooses to deal with its opposite number and reach an agreement as to the change of public use, rather than to resort to the expensive and tedious medium of litigating the entire matter through the courts, thereby holding up the public benefit and depleting to some extent the tax funds of the subdivisions involved."

While the statutes referred to in the El Paso case above are Article 1577 and Article 6078a, the principle that a valid sale can be effected between the State and political subdivisions without advertising and requesting sealed bids from the general public is amply upheld.

The reasoning of the Court in Kingsville Independent School District v. Crenshaw, 164 S.W.2d 49, 51 (Tex.Civ.App. 1942, error ref. w.o.m.), we think applies in this instance. Syllabus two in that case states:

"Where land was conveyed to a city for park purposes restricting building thereon to the erection of a band stand, and was later conveyed to school district, and city's grantor had waived reversion rights and city and school authorities had agreed upon use of the property for school purposes as the paramount public use, condemnation proceeding was unnecessary.   Vernon's Ann.Civ.St. art. 1109c."

In the Kingsville Independent School District case above, the court said:

"The city, acting through its mayor and commissioners, has decided that the park would be serving a better public use if abandoned as a park and converted to school purposes.  Under such circumstances there is no occasion to litigate the question as to the paramount public use of the property."

The court in the Kingsville case further stated:

"Applying the same rule here, if the City and the School District can agree upon the paramount public use of the property, why should they be compelled to institute condemnation proceedings?"

We realize, of course, that the necessity of condemnation proceedings was in question in the Kingsville case instead of a sale without advertising and without requesting sealed bids from the general public as in this instance, but the authority of the City and the School District to agree upon the paramount public use of the property as upheld by the Court, is applicable here.

In the case of El Paso County v. City of El Paso, supra, the court said:

> ". . . In neither opinion /City of Tyler v.
> Smith County, 151 Tex. 80, 246 S.W.2d 601,
> and Kingsville Independent School District
> v. Crenshaw, supra/ does the Supreme Court
> or the Court of Civil Appeals mention or
> refer to the necessity of complying with
> Article 1577 or Article 6078a of the Texas
> statutes. We think this is probably true
> because Article 1577, requiring the county
> to sell its property at public auction,
> apparently did not--in the opinion of the
> Supreme Court--apply to the proposed sale
> or transfer to another political subdivi-
> sion that would use the property for public
> use or benefit. It is difficult to compre-
> hend why either the Legislature, through
> Article 1577, or any court, would require
> the county to sell land at public auction
> when such land is impressed with a public
> use or trust. . . ." (Emphasis Added.)

This land was deeded to the State of Texas for use by the Texas Highway Department and is State property over which the State has full control and authority.

> "In the absence of constitutional restric-
> tions, the State may sell and dispose of its
> property on its own terms and conditions. And
> legislative enactments usually govern the
> manner in which State lands may be disposed
> of." 52 Tex.Jur.2d 739, State of Texas, Sec.
> 28.

Article 6673a sets forth the manner in which the land and improvements in question may be sold. You are therefore advised that the State Highway Commission can legally sell

the surplus land and improvements described in your letter, to the City of Lamesa for the established value without advertising and without requesting sealed bids from the general public.

## SUMMARY

The State Highway Commission under the authority granted by Article 6673a, V.C.S., can legally sell the surplus land and improvements in this instance directly to the City of Lamesa for the established value of the land and improvements without advertising and without requesting sealed bids from the general public.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Ben M. Harrison

Ben M. Harrison
Assistant

BMH:afg

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Arthur Sandlin
Paul Phy
James Strock
Milton Richardson

APPROVED FOR THE ATTORNEY GENERAL
By:   Stanton Stone